FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 8 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD MENDEZ,

                Plaintiff,                                    05 CV 1486 (SJ)

      -against-                                             MEMORANDUM
                                                              AND ORDER

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------------------------X

APPEARANCES:

RICHARD MENDEZ
# 55054-053
Federal Correctional Institution
P.O. Box 7000
Fort Dix, NJ 08640
Plaintiff, *Pro Se*

ROSLYNN R. MAUSKOPF
United States Attorney's Office
1 Pierrepoint Plaza, 14th Floor
Brooklyn, NY 11201
By:    Denise McGinn
Attorney for Respondent

JOHNSON, Senior District Judge:

        Richard Mendez ("Plaintiff") has filed a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1] Petitioner alleges that his

---

[1] Rule 41(g) provides, in relevant part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g).

1

property was seized in violation of his due process rights, because he claims that he did not receive notice of the administrative forfeiture proceedings. He seeks the return of the money that was seized.

Presently before this Court is a motion to dismiss brought by the government ("Defendant"). The Government argues that this Court lacks subject matter jurisdiction to award Petitioner money damages for the destruction of his forfeited property. Plaintiff has not filed any opposition to this motion. For the reasons stated herein, Defendant's motion to dismiss is GRANTED and Plaintiff's motion for return of property is DENIED.

## STANDARD OF REVIEW

The standard for a motion to dismiss is now well settled. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true factual allegations in the complaint. Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). The plaintiff must then prove the Court's jurisdiction by a preponderance of the evidence. In this instance, Plaintiff has not responded to Defendant's arguments regarding subject matter jurisdiction.

P-049

## FACTUAL BACKGROUND

On October 26, 2000, Plaintiff was arrested and was found to be in possession of a plastic bag containing cocaine. Following Plaintiff's arrest, Plaintiff's person and apartment were searched, resulting in the seizure of approximately $66,000 in currency, as well as 21 kilograms of cocaine.[2]

Plaintiff was subsequently charged with (1) conspiracy to distribute and possess with intent to distribute cocaine and (2) possession with intent to distribute a substance containing cocaine. Plaintiff pled guilty to both these counts on July 5, 2001, and was sentenced to 188 months incarceration. Meanwhile, the government instituted administrative forfeiture proceedings against the seized currency. Notice of the proceedings was sent to Plaintiff on November 8, 2000, and was published in USA Today on December 11, 2000 to December 25, 2000. A total of $66,382 was held to be administratively forfeited on May 24, 2001. The records of the administrative proceedings were stored in offices at the World Trade Center, and were destroyed on September 11, 2001. A second notice of forfeiture was published in the New York Post on January 11, January 18, and January 25, 2002.

## DISCUSSION

**II.     Equitable Jurisdiction, Sovereign Immunity, and Rule 41(g)**

---

[2] Because Plaintiff has not contested the version of the facts offered by the Government in the motion to dismiss, and because there is no other evidence on hand that call's the Government's assertions into doubt, the Court accepts the facts as stated in the motion to dismiss.

3

Given that there are no criminal proceedings currently pending against Petitioner, Petitioner's Motions are construed as a civil action in equity. See Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992) (noting "where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is 'treated as [a] civil equitable proceeding [] even if styled as being pursuant to Fed. R. Crim. P. 41(e) [now Rule 41(g)]'") (internal citations omitted).

Petitioner seeks the monetary equivalent of his property forfeited by the Government. However, "[e]quitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." Adeleke v. United States of America, 355 F.3d 144, 151 (2d Cir. 2004). In Adekele, the Second Circuit concluded that "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Id. Therefore, because sovereign immunity bars district courts from awarding money damages for property that cannot be returned under Rule 41(g), in the absence of the Government's consent to be sued, district courts lack subject matter jurisdiction over such equitable claims for money damages. See also Elfand v. United States, No. 03-CV-3769, 2004 WL 3152381, at *2-3 (E.D.N.Y. 2004).

4

Here, the seized property was dispersed in accordance with an asset-sharing agreement after being administratively forfeited, and thus it is no longer in the government's possession. (Erichs Decl. ¶ 6.) As a result, Petitioner fails to meet his burden to prove subject matter jurisdiction by a preponderance of the evidence.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED and Petitioner's Motion is DENIED.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: August 29, 2005
Brooklyn, NY

s/SJ

Senior U.S.D.J.

5

P-049